UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RENEE K. PORTER,

        Plaintiff,

  v.                                   Case No. 13-C-1314

CITY OF NEENAH and JOHN WILKINSON,

        Defendants.

## ORDER

      Plaintiff filed this action alleging race discrimination after her employment with the Neenah Police Department was terminated. On May 15, 2015, the Defendants filed a motion for summary judgment, arguing that the Plaintiff's claims must be dismissed because the state circuit court has already ruled on the matter. It also argued that Plaintiff's § 1981 claim should be dismissed because § 1983 provides the exclusive remedy. Finally, the Defendants argued that even if the merits were reached, there is no evidence to support a claim for race discrimination.

      The Plaintiff did not respond to the summary judgment motion; nor did she respond to the Defendant's letter requesting that judgment be entered due to her non-response. Accordingly, the facts proposed by the Defendants are taken as true. Civil L.R. 56(b)(4). In a fact-intensive case involving discrimination, that will prove fatal because the Defendants have set forth the *bona fide* reasons for Plaintiff's termination, which include allegations of lying and associating with a known criminal. In essence, the Defendants' proposed findings (ECF No. 28.) set forth their legitimate reasons for terminating Plaintiff in the first place. Having conceded that they are true reasons, the Plaintiff no longer has any basis for a discrimination claim. Moreover, under the burden-shifting

approach required in indirect evidence cases like this, a plaintiff must both establish a *prima facie* case as well as shoulder the burden of showing that the defendants' stated reasons are pretextual. When no response is filed, that is impossible.

Even if Plaintiff had responded to the motion, it is difficult to see how she could get around *Balcerzak v. City of Milwaukee*, where two police officers challenged their terminations in state court and then filed a § 1983 case in federal court. 163 F.3d 993 (7th Cir. 1998). The district court and court of appeals found the § 1983 case precluded by the earlier state action because the fired officers could have litigated their federal claims in the state proceedings. The same is true in this case: the Plaintiff could have raised discrimination allegations within the context of her administrative and circuit court review proceedings, and so the result in circuit court precludes litigation of the claim in federal court. Thus, even if the claims had merit, they would be precluded.

The motion for summary judgment is **GRANTED** and the case is **DISMISSED**.

**SO ORDERED** this 3rd day of August, 2015.

/s William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court